On Rehearing.
LAND, J.
The rehearing granted in this case is restricted to the question of the collation of one-half of the sum of $1,000 received by Abner B. Gilmore from his mother.
According to his version, his mother paid him $1,000 for his services, and a few days later he used the same money in purchasing his mother’s half interest in the printing plant and business.
In our .former opinion the facts relative to this transaction are set forth in detail, and we concluded that the transfer of August 4, 1905, was a gift, or advance, by the mother to her son.
The fact that Abner B. Gilmore received $1,000 from his mother is admitted. The further fact that the money was returned to the mother is admitted. The claim of Abner B. Gilmore that his mother paid him $1,000 as extra compensation for his services, pursuant to a verbal agreement between the par-lies, rests on his unsupported testimony, which in itself is inconsistent and unsatisfactory.
Contracts for the payment of money above $500, not reduced to writing, must be proved by at least one credible witness, and other corroborative circumstances. C. C. art. 2277.
The transfer of the half interest was by private act, which was not made known or produced until after the death of the mother.
When the act was executed on August 4, 1905, Abner B. Gilmore was receiving for his services one-half of the profits of the business, and this proportion was not increased until after the end of the year 1906. In other words, during that considerable period Abner B. Gilmore’s claim of joint ownership was not asserted against his mother. His testimony as to an increase of salary, the natural sequence of a good sugar season, may be readily believed; but his attempt to use such increase as a basis to sustain his claim of joint ownership led him to deny that he received any portion of the profits for services or for salary. The increase of $30 per month must have been for salary, and it is unreasonable to suppose that the witness would have given his whole time and attention to the publishing business of his mother for any such compensation. In one of his answers the witness, referring to his mother said:
“Prior to her death it was practically a payment to me of services.”
Abner B. Gilmore received $1,000 from his mother. It was either a gift, or a payment, or a deposit. The fact that the money was a few days later returned by the son to the mother, as the price of the transfer from her to him, suggests that the transaction was a deposit. If not a deposit, the transaction was a gift or advance to the son, if no consideration passed between the parties. Ab *177 ner I/. Gilmore testified that the money was delivered to him as a lump payment for services rendered several or more years — two or three — prior to August, 1905. His claim is based on the alleged promise of Ms mother to pay Mm more salary at some future time, to be left to her. His testimony is to the effect that be reminded Ms mother of her promise, and that she thereupon paid him the sum of $1,000. The witness testified that he had not been working for a salary, but for one-half of the profits of the business.
The witness had received all the compensation he was entitled to under his contract of employment. The vague promise of his mother to pay Mm more salary at some indefinite time, to be left to her, did not create a legal obligation on her part. Besides, the testimony is insufficient in law to prove the alleged promise to pay, especially in a case where the promissor is dead.
The case before us is one where the mother furnished the money with which a son purchased property from her, and it comes clearly within the purview of C. O. art. 1248:
“The advantage which a father bestows upon his son, though in any other manner than by a donation or legacy, is likewise subject to collation. Thus, when a father has sold a thing to his son for a very low price, or has paid for him the price of some purchase, or has spent money to improve his son’s estate, all * * * is subject to collation.”
See Champagne v. Champagne, 125 La. 408, 51 South. 440.
There is no question of the reduction of a donation, or of an extra portion, in this case. As a donation the transfer would be null for want of form. The case is one of the collation of an advantage bestowed by the mother in money or property on one of her children.
It is therefore ordered that our former decree herein be reinstated and made the final judgment of the court.
PROYOSTY, J., dissents.